FILE COPY



# Fourth Court of Appeals
## San Antonio, Texas

January 13, 2022

No. 04-21-00509-CV

**BEXAR APPRAISAL DISTRICT**,
Appellant

v.

**LUCIFER LIGHTING COMPANY**,
Appellee

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2021-CI-09696
Honorable Norma Gonzales, Judge Presiding

# O R D E R

On October 8, 2021, the trial court signed an order denying appellant Bexar Appraisal District's (the "District") plea to the jurisdiction. An appeal from an interlocutory order that denies a plea to the jurisdiction is an accelerated appeal. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8); Tex. R. App. P. 28.1(a). Therefore, the District's notice of appeal was due within twenty days after the order was signed, which was October 28, 2021. *See* Tex. R. App. P. 26.1(b), 28.1(b). However, the District did not file its notice of appeal until November 15, 2021.

The clerk's record shows the District filed a motion in the trial court to extend appellate timetables pursuant to Rule 306a.5 of the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 306a.5; Tex. R. App. P. 4.2. However, the clerk's record does not include a written order finding the date that the District received notice or acquired actual notice that the order denying its plea to the jurisdiction was signed. *See PDG, Inc. v. Abilene Vill., LLC*, 07-19-00118-CV, 2019 WL 1716785, at *1 (Tex. App.—Amarillo Apr. 17, 2019, order) (To gain additional time under Rule 306a.4 of the Texas Rules of Civil Procedure, "a party must file a sworn motion in compliance with Rule of Civil Procedure 306a.5 and obtain a written order that finds the date when the party or the party's attorney first received notice or acquired actual knowledge that the judgment was signed."). Without a written order finding the date the District received notice or acquired actual knowledge that the trial court signed the plea to the jurisdiction order, it appears that the notice of appeal is untimely and this court lacks jurisdiction over the appeal.

On December 17, 2021, this court ordered the District to show cause in writing, on or before January 5, 2022, why this appeal should not be dismissed for lack of jurisdiction.

On January 5, 2022, the District filed a "Motion to Show Cause" in response to our December 17, 2021 order. In its motion, the District contends the trial court denied its Rule 306a motion, impliedly finding it received notice of the underlying order on October 8, 2021. The District assets the trial court abused its discretion by doing so and its order should be reversed. Alternatively, the District requests (1) additional time to respond to our December 17, 2021 order so that a supplemental clerk's record may be filed and (2) all costs be taxed against appellee. We note that the District did not provide this court with a copy of any written, signed order from the trial court denying its Rule 306a motion. Instead, the District provided a copy of a "Half Sheet Docket Session" that contains the handwritten note, "12/30/21 Motion to Extend Appellate Deadlines – Denied."

We GRANT the District's request for alternative relief IN PART. The District is hereby **ORDERED** to file the following, **no later than January 24, 2022**:

> 1. a written, signed order from the trial court either (a) finding the date the District received notice or acquired actual notice that the order denying its plea to the jurisdiction was signed; or (b) denying its Rule 306a motion;

> 2. a supplemental clerk's record containing relevant documents filed on or after November 15, 2021; and

> 3. the reporter's record from the December 30, 2021 hearing.

If the District fails to respond by **January 24, 2022** this appeal is subject to dismissal for lack of jurisdiction. If the District desires to file an amended response to our December 17, 2021 order, it must do so **no later than ten days** from the date the above items are filed. If appellee desires to file a reply, it must do so **no later than ten days** from the date the District files its amended response.

We DENY the District's request that costs be taxed against appellee.

_____
Irene Rios, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 13th day of January, 2022.

_____
MICHAEL A. CRUZ, Clerk of Court